## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JSDQ MESH TECHNOLOGIES LLC,** | |
| **Plaintiff,** | **Case No.:** |
| **v.** | |
| **COOPER BUSSMANN, LLC;** **COOPER POWER SYSTEMS, LLC; and** **EATON CORPORATION** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff JSDQ Mesh Technologies LLC complains of Defendants Cooper Bussmann, LLC; Cooper Power Systems, LLC; and Eaton Corporation as follows:

### NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2. JSDQ Mesh Technologies LLC ("JSDQ") is a Delaware limited liability company with its principal place of business at 401 Lake Avenue, Round Lake Beach, Illinois 60073.

3. JSDQ is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,286,828, entitled "Method of Call Routing and Connection," which issued on October 23, 2007 (the "'828 Patent") (a true and correct copy is attached as Exhibit A); United States Patent No. 7,916,648, entitled "Method of Call Routing and Connection", which issued on March 29, 2011 (the "'648 Patent") (a true and correct copy is attached as Exhibit B); United States Reissue Patent No. RE43,675, entitled "Wireless Radio Routing System," which issued on September 18, 2012 (the "'675 Patent") (a true and correct copy

is attached as Exhibit C); and United States Reissue Patent No. RE44,607, entitled "Wireless Mesh Routing Method," which issued on November 19, 2013 (the "'607 Patent") (a true and correct copy is attached as Exhibit D) (collectively, the "Patents-in-Suit").

4.      Based upon public information, Defendant Cooper Bussmann, LLC ("Cooper Bussmann") is a Delaware limited liability company with a listed registered agent of The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Based upon public information, Cooper Bussmann is a subsidiary of Eaton Corporation.

5.      Based upon public information, Cooper Bussmann manufactures, uses, sells, offers for sale, advertises, imports, ships, distributes, services, installs and/or maintains the 915U-2 Wireless Mesh Networking I/O and Gateway accused of infringement herein.

6.      Based upon public information, Defendant Cooper Power Systems, LLC ("Cooper Power") is a Delaware limited liability company with a listed registered agent of The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Based upon public information, Cooper Power is a subsidiary of Eaton Corporation.

7.      Based upon public information, Cooper Power manufactures, uses, sells, offers for sale, advertises, imports, ships, distributes, services, installs and/or maintains the Gateway 800 (GWY-800) RF Mesh Gateways and RFN-1200 Wireless Radios accused of infringement herein.

8.      Based upon public information, Defendant Eaton Corporation ("Eaton") is an Ohio corporation registered to do business in Delaware with a listed registered agent of The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Based upon public information, Eaton is the parent entity that controls the activities of Cooper Bussmann and Cooper Power.

9.      Eaton    owns    and    operates    the    websites    www.eaton.com    and www.cooperindustries.com, whereat the infringing products are advertised.

10.     Early discovery will enable JSDQ to identify Defendants' relevant customers and assess any additional infringement thereby.

## JURISDICTION AND VENUE

11.     This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

12.     Personal jurisdiction over Defendants is proper in this Court because Defendants Cooper Bussmann and Cooper Power are registered Delaware companies and Defendant Eaton is a corporation registered to do business in Delaware. The Defendants have minimum contacts with the State of Delaware and have purposefully availed themselves of the privileges of conducting business in the State of Delaware.

13.     Venue in this judicial district is proper under 28 U.S.C. § 1400(b) because Defendants Cooper Bussmann and Cooper Power reside in this Judicial District and, upon information and belief, Defendant Eaton has a regular and established place of business in this Judicial District as evidenced by its registration to conduct business in this Judicial District.

## THE ACCUSED WIRELESS ROUTING SYSTEMS

14.     Defendants have infringed the Patents-in-Suit through the manufacture, use, sale, offer for sale, advertisement, importation, shipment, distribution, service, installation and/or maintenance of Defendants' wireless mesh networking products, services and solutions – including hardware (e.g., access points, antennas, etc.), software, and firmware components associated therewith (herein referred to as the "Accused Wireless Routing Systems").

15.     Upon present information and belief, Defendants manufacture, use, sell, offer for sale, advertise, import, ship, distribute, service, install and/or maintain the following Accused

Wireless Routing Systems: the Cooper Bussmann WIBMesh Networks (including, but not limited to, the 915U-2 Wireless Mesh Networking I/O and Gateways) and the Cooper Power Series RF Mesh AMI Networks (including, but not limited to, the Gateway 800 (GWY-800) RF Mesh Gateway and RFN-1200 Wireless Radio).

16.     The Accused Wireless Routing Systems subject to this Complaint necessarily include all substantively similar products and any predecessor and/or successor versions of the foregoing (during the relevant time period).

17.     After adequate discovery, Plaintiff may seek leave to amend this Complaint to include additional details of infringement, if any, by other products hereafter discovered to infringe the Patents-in-Suit.

**INFRINGEMENT BY DEFENDANTS'**
**COOPER BUSSMANN WIBMesh NETWORKS**

**COUNT I: INFRINGEMENT OF UNITED STATES PATENT NO. 7,286,828**

18.     JSDQ realleges and incorporates by reference paragraphs 1 through 17, inclusive, as though fully set forth herein.

19.     Defendants' Cooper Bussmann WIBMesh Networks directly infringed at least independent method claims 47, 56 and 68 of the '828 Patent (prior to its expiration).

**Claim 47**

20.     The Cooper Bussmann WIBMesh Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, provided a radio communication route among a plurality of individual nodes capable of distribution arbitrarily relative to each other, said nodes being controllable independent of a central computer separate from said nodes, in accordance with the limitations of claim 47 of the '828 Patent.

21.     The Cooper Bussmann WIBMesh Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, performed each of the limitations of claim 47 of the '828 Patent by:

(a)     establishing radio links between pairs of said nodes using radio signals transmitted from each said node and received by other said nodes without regard to the relative locations of said nodes of said pair, wherein at least some of said radio signals include associated routing messages including an actual radio parameter of said radio signals;

(b)     storing said routing messages received by each said node;

(c)     selecting a said routing message associated with a preferred said radio link using said actual radio parameter of said received radio signals;

(d)     deleting at least some of said other stored routing messages;

(e)     modifying said selected routing message;

(f)     retransmitting said modified routing message; and

(g)     assembling said preferred radio links into a radio communication route between an originating node and a destination node, said route including plural said radio links.

## Claim 56

22.     The Cooper Bussmann WIBMesh Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, provided a radio communication route among a plurality of individual nodes capable of distribution arbitrarily relative to each other, said nodes being controllable independent of a central computer separate from said nodes, in accordance with the limitations of claim 56 of the '828 Patent.

23.     The Cooper Bussmann WIBMesh Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, performed each of the limitations of claim 56 of the '828 Patent by:

(a)     establishing radio links between pairs of said nodes using radio signals transmitted from each said node and received by other said nodes without regard to the relative locations of said nodes of said pair, at least some of said radio signals including routing messages;

(b)     storing said routing messages received by each said node;

(c)     selecting a said routing message associated with a preferred said radio link using a parameter of said routing messages in said received radio signals;

(d)     modifying said selected routing message;

(e)     deleting at least some of said other stored routing messages;

(f)     retransmitting said modified routing message;

(g)     assembling said preferred radio links into an optimum radio communication route between an originating node and a destination node, said route including plural said radio links; and

(h)     changing said route between said originating node and said destination node only when a condition of the route changes.

## Claim 68

24.     The Cooper Bussmann WIBMesh Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, provided a wireless communication route having a plurality of individual routing

nodes distributed to form a mesh of said routing nodes throughout an area covered by a wireless communication system, in accordance with the limitations of claim 68 of the '828 Patent.

25.     The Cooper Bussmann WIBMesh Networks, as manufactured, sold, offered for sale, used, installed and/or maintained by Defendants, performed each of the limitations of claim 68 of the '828 Patent by:

(a)     establishing wireless links between pairs of said routing nodes using wireless signals transmitted from each said routing node and received by other said routing nodes without regard to the relative locations of said routing nodes of said pair, at least some of said wireless signals including routing messages;

(b)     storing said routing messages received by each said node;

(c)     selecting a said routing message associated with a preferred said wireless link using a parameter of said received wireless signals;

(d)     modifying said selected routing message;

(e)     deleting at least some of said other stored routing messages;

(f)     retransmitting said modified routing messages; and

(g)     assembling said preferred wireless links into an optimum wireless communication route between a remote routing node and a destination routing node, said route including plural said wireless links.

26.     Upon information and belief, Defendants' Cooper Bussmann WIBMesh Networks likely infringed at least dependent claims 48, 49, 52, 57, 59, 69 and 70 of the '828 Patent (prior to its expiration). After adequate discovery, JSDQ reserves the right to assert allegations of infringement of additional claims of the '828 Patent.

27.     To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

28.     Defendants' direct infringement as described above injured JSDQ and JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

### COUNT II: INFRINGEMENT OF UNITED STATES PATENT NO. 7,916,648

29.     JSDQ realleges and incorporates by reference paragraphs 1 through 17, inclusive, as though fully set forth herein.

30.     Defendants' Cooper Bussmann WIBMesh Networks directly infringed at least independent method claims 29 and 36 of the '648 Patent (prior to its expiration).

### <u>Claim 29</u>

31.     The Cooper Bussmann WIBMesh Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, provided a radio communication route among individual nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 29 of the '648 Patent.

32.     The Cooper Bussmann WIBMesh Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, performed each of the limitations of claim 29 of the '684 Patent by:

(a)     establishing radio links between pairs of said nodes using radio signals transmitted from one said node and received directly by other said nodes without regard to the relative locations of said nodes of said pair transmitting and receiving said signals;

(b)     measuring values of a radio parameter of radio signals received by a said node;

(c)     transmitting from at least two of said nodes radio signals with associated routing messages, wherein said routing message from each of said two nodes identifies a multilink

route segment to another said node and includes a value of a radio parameter related to a condition of said route segment;

(d)      selecting at a said node receiving said radio signals a preferred said multi-link route segment, wherein said selection is based on the measured values of said radio parameter of said received radio signals and the values of said radio parameter included with said routing messages in said received radio signals;

(e)      transmitting from said selecting node a radio signal with a routing message identifying said selecting node and said preferred route segment; and

(f)      assembling a radio communication route between an originating node and a destination node, said route being assembled by computers in a plurality of said nodes independently of any computer separate from said nodes in said route, and said route including at least one said preferred multi-link route segment.

## Claim 36

33.      The Cooper Bussmann WIBMesh Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, created a radio communications route comprising multiple radio links between a plurality of pairs of nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 36 of the '648 Patent.

34.      The Cooper Bussmann WIBMesh Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, performed each of the limitations of claim 36 of the '684 Patent by:

(a)      receiving at a said node at least two radio signals including routing messages transmitted from other said nodes, said signals being received at said node directly from

said nodes transmitting said signals without regard to the relative locations of said node receiving said signals and said nodes transmitting said signals, wherein said routing message from each said node has content (i) identifying at least one preferred multi-link route segment to another said node, (ii) including the number of said radio links in said route segment, and (iii) including at least one value of a radio parameter of radio signals associated with said radio links in said route segment;

(b)      measuring at said receiving node values of said radio parameter associated with at least some of said radio signals received by said receiving node;

(c)      storing at said receiving node said measured values of said radio parameter and said routing messages associated with said measured values;

(d)      selecting at a said node receiving said routing messages a preferred said route segment, wherein said selection is based on the measured values of said radio parameter of said received radio signals and the stored values of said radio parameter;

(e)      transmitting from said selecting node a routing message identifying said preferred route segment; and

(f)      assembling a radio communication route between an originating node and a destination node.

35.      Upon information and belief, Defendants' Cooper Bussmann WIBMesh Networks likely infringed at least dependent claims 37, 38 and 40 of the '648 Patent. After adequate discovery, JSDQ reserves the right to assert allegations of infringement of additional claims of the '648 Patent.

36.      To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

37.     Defendants' direct infringement as described above injured JSDQ and JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**COUNT III: INFRINGEMENT OF UNITED STATES PATENT NO. RE 43,675**

38.     JSDQ realleges and incorporates by reference paragraphs 1 through 17, inclusive, as though fully set forth herein.

39.     Defendants' Cooper Bussmann WIBMesh Networks directly infringed, and continue to infringe, at least independent method claim 15 of the '675 Patent.

## Claim 15

40.     The Cooper Bussmann WIBMesh Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, provide a radio communication route among individual nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 15 of the '675 Patent.

41.     The Cooper Bussmann WIBMesh Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by, perform each of the limitations of claim 15 of the '675 Patent by:

(a)     establishing radio links between respective pairs of said nodes, at least one said node using a directional radio signal transmitted from said node and received directly by another said node without regard to the relative locations of said nodes;

(b)     measuring a value of a radio parameter of a said directional radio signal received by at least one said node;

(c)     transmitting from said at least one node a radio signal with an associated routing message based on at least one measured value of the radio parameter; and

(d)      assembling a radio communication route between an originating node and a destination node, said route being assembled by computers in a plurality of said nodes using routing messages received by said nodes, wherein said computers in said nodes assemble said route independently of any computer separate from said nodes in said route, and said route includes at least one route segment with a said node transmitting a directional radio signal.

42.      Upon information and belief, Defendants' Cooper Bussmann WIBMesh Networks likely infringed, and continue to infringe, at least dependent claims 17, 18, 19 and 20 of the '675 Patent. After adequate discovery, JSDQ reserves the right to assert allegations of infringement of additional claims of the '675 Patent.

43.      To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

44.      Defendants' infringement as described above has injured JSDQ and will continue to injure JSDQ as long as such infringement continues. JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

45.      In the event Defendants continue their infringing activities after the filing of this Complaint (or continued their infringing activities after other notice), Plaintiff reserves the right to assert a claim for indirect infringement.

**COUNT IV: INFRINGEMENT OF UNITED STATES PATENT NO. RE 44,607**

46.      JSDQ realleges and incorporates by reference paragraphs 1 through 17, inclusive, as though fully set forth herein.

47.      Defendants' Cooper Bussmann WIBMesh Networks directly infringed, and continue to infringe, at least independent method claim 3 of the '607 Patent.

### Claim 3

48.     The Cooper Bussmann WIBMesh Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, provide at least two radio communication routes among individual nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 3 of the '607 Patent.

49.     The Cooper Bussmann WIBMesh Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, perform each of the limitations of claim 3 of the '607 Patent by:

(a)     establishing radio links between respective pairs of said nodes using radio signals transmitted from said nodes and received by other said nodes, wherein at least some of said radio signals include routing messages;

(b)     using a directional radio signal transmitted from one said node in a directional link and received directly by the other said node in said directional link;

(c)     measuring a parameter of radio signals received by at least some of said nodes;

(d)     transmitting from at least some of said nodes radio signals with associated routing messages based on said measured parameter; and

(e)     assembling radio communication routes between at least two originating nodes and at least one destination node, wherein computers in a plurality of said nodes use routing messages received by said nodes to assemble said routes independently of any computer separate from said nodes in said routes and without regard to the relative locations of said nodes in a said route, both said routes including at least one said directional link.

50.     Upon information and belief, Defendants' Cooper Bussmann WIBMesh Networks likely infringed, and continue to infringe, at least dependent claims 5, 6 and 7 of the '607 Patent. After adequate discovery, JSDQ reserves the right to assert allegations of infringement of additional claims of the '607 Patent.

51.     To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

52.     Defendants' infringement as described above has injured JSDQ and will continue to injure JSDQ as long as such infringement continues. JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

53.     In the event Defendants continue their infringing activities after the filing of this Complaint (or continued their infringing activities after other notice), Plaintiff reserves the right to assert a claim for indirect infringement.

**INFRINGEMENT BY DEFENDANTS'
COOPER POWER SERIES RF MESH AMI NETWORKS**

**COUNT V: INFRINGEMENT OF UNITED STATES PATENT NO. 7,286,828**

54.     JSDQ realleges and incorporates by reference paragraphs 1 through 17, inclusive, as though fully set forth herein.

55.     Defendants' Cooper Power Series RF Mesh AMI Networks directly infringed at least independent method claims 47, 56 and 68 of the '828 Patent (prior to its expiration).

**Claim 47**

56.     The Cooper Power Series RF Mesh AMI Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, provided a radio communication route among a plurality of individual nodes capable of distribution arbitrarily relative to each other, said nodes being controllable independent

of a central computer separate from said nodes, in accordance with the limitations of claim 47 of the '828 Patent.

57.    The Cooper Power Series RF Mesh AMI Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, performed each of the limitations of claim 47 of the '828 Patent by:

(a)    establishing radio links between pairs of said nodes using radio signals transmitted from each said node and received by other said nodes without regard to the relative locations of said nodes of said pair, wherein at least some of said radio signals include associated routing messages including an actual radio parameter of said radio signals;

(b)    storing said routing messages received by each said node;

(c)    selecting a said routing message associated with a preferred said radio link using said actual radio parameter of said received radio signals;

(d)    deleting at least some of said other stored routing messages;

(e)    modifying said selected routing message;

(f)    retransmitting said modified routing message; and

(g)    assembling said preferred radio links into a radio communication route between an originating node and a destination node, said route including plural said radio links.

## Claim 56

58.    The Cooper Power Series RF Mesh AMI Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, provided a radio communication route among a plurality of individual nodes capable of distribution arbitrarily relative to each other, said nodes being controllable independent

of a central computer separate from said nodes, in accordance with the limitations of claim 56 of the '828 Patent.

59.     The Cooper Power Series RF Mesh AMI Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, performed each of the limitations of claim 56 of the '828 Patent by:

(a)     establishing radio links between pairs of said nodes using radio signals transmitted from each said node and received by other said nodes without regard to the relative locations of said nodes of said pair, at least some of said radio signals including routing messages;

(b)     storing said routing messages received by each said node;

(c)     selecting a said routing message associated with a preferred said radio link using a parameter of said routing messages in said received radio signals;

(d)     modifying said selected routing message;

(e)     deleting at least some of said other stored routing messages;

(f)     retransmitting said modified routing message;

(g)     assembling said preferred radio links into an optimum radio communication route between an originating node and a destination node, said route including plural said radio links; and

(h)     changing said route between said originating node and said destination node only when a condition of the route changes.

## Claim 68

60.     The Cooper Power Series RF Mesh AMI Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained

by Defendants, provided a wireless communication route having a plurality of individual routing nodes distributed to form a mesh of said routing nodes throughout an area covered by a wireless communication system, in accordance with the limitations of claim 68 of the '828 Patent.

61.     The Cooper Power Series RF Mesh AMI Networks, as manufactured, sold, offered for sale, used, installed and/or maintained by Defendants, performed each of the limitations of claim 68 of the '828 Patent by:

(a)     establishing wireless links between pairs of said routing nodes using wireless signals transmitted from each said routing node and received by other said routing nodes without regard to the relative locations of said routing nodes of said pair, at least some of said wireless signals including routing messages;

(b)     storing said routing messages received by each said node;

(c)     selecting a said routing message associated with a preferred said wireless link using a parameter of said received wireless signals;

(d)     modifying said selected routing message;

(e)     deleting at least some of said other stored routing messages;

(f)     retransmitting said modified routing messages; and

(g)     assembling said preferred wireless links into an optimum wireless communication route between a remote routing node and a destination routing node, said route including plural said wireless links.

62.     Upon information and belief, Defendants' Cooper Power Series RF Mesh AMI Networks likely infringed at least dependent claims 48, 49, 52, 57, 59, 69 and 70 of the '828 Patent (prior to its expiration). After adequate discovery, JSDQ reserves the right to assert allegations of infringement of additional claims of the '828 Patent.

63.     To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

64.     Defendants' direct infringement as described above injured JSDQ and JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**COUNT VI: INFRINGEMENT OF UNITED STATES PATENT NO. 7,916,648**

65.     JSDQ realleges and incorporates by reference paragraphs 1 through 17, inclusive, as though fully set forth herein.

66.     Upon information and belief, Defendants' Cooper Power Series RF Mesh AMI Networks directly infringed at least independent method claims 29 and 36 of the '648 Patent (prior to its expiration).

**Claim 29**

67.     Upon information and belief, the Cooper Power Series RF Mesh AMI Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, provided a radio communication route among individual nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 29 of the '648 Patent.

68.     Upon information and belief, the Cooper Power Series RF Mesh AMI Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, performed each of the limitations of claim 29 of the '684 Patent by:

(a)     establishing radio links between pairs of said nodes using radio signals transmitted from one said node and received directly by other said nodes without regard to the relative locations of said nodes of said pair transmitting and receiving said signals;

(b)      measuring values of a radio parameter of radio signals received by a said node;

(c)      transmitting from at least two of said nodes radio signals with associated routing messages, wherein said routing message from each of said two nodes identifies a multi-link route segment to another said node and includes a value of a radio parameter related to a condition of said route segment;

(d)      selecting at a said node receiving said radio signals a preferred said multi-link route segment, wherein said selection is based on the measured values of said radio parameter of said received radio signals and the values of said radio parameter included with said routing messages in said received radio signals;

(e)      transmitting from said selecting node a radio signal with a routing message identifying said selecting node and said preferred route segment; and

(f)      assembling a radio communication route between an originating node and a destination node, said route being assembled by computers in a plurality of said nodes independently of any computer separate from said nodes in said route, and said route including at least one said preferred multi-link route segment.

## **Claim 36**

69.      Upon information and belief, the Cooper Power Series RF Mesh AMI Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, created a radio communications route comprising multiple radio links between a plurality of pairs of nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 36 of the '648 Patent.

70.      Upon information and belief, the Cooper Power Series RF Mesh AMI Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced,

installed and/or maintained by Defendants, performed each of the limitations of claim 36 of the '684 Patent by:

(a)     receiving at a said node at least two radio signals including routing messages transmitted from other said nodes, said signals being received at said node directly from said nodes transmitting said signals without regard to the relative locations of said node receiving said signals and said nodes transmitting said signals, wherein said routing message from each said node has content (i) identifying at least one preferred multi-link route segment to another said node, (ii) including the number of said radio links in said route segment, and (iii) including at least one value of a radio parameter of radio signals associated with said radio links in said route segment;

(b)     measuring at said receiving node values of said radio parameter associated with at least some of said radio signals received by said receiving node;

(c)     storing at said receiving node said measured values of said radio parameter and said routing messages associated with said measured values;

(d)     selecting at a said node receiving said routing messages a preferred said route segment, wherein said selection is based on the measured values of said radio parameter of said received radio signals and the stored values of said radio parameter;

(e)     transmitting from said selecting node a routing message identifying said preferred route segment; and

(f)     assembling a radio communication route between an originating node and a destination node.

71.     Upon information and belief, Defendants' Cooper Power Series RF Mesh AMI Networks likely infringed at least dependent claims 37, 38 and 40 of the '648 Patent. After

adequate discovery, JSDQ reserves the right to assert allegations of infringement of additional claims of the '648 Patent.

72.     To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

73.     Defendants' direct infringement as described above injured JSDQ and JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**COUNT VII: INFRINGEMENT OF UNITED STATES PATENT NO. RE 43,675**

74.     JSDQ realleges and incorporates by reference paragraphs 1 through 17, inclusive, as though fully set forth herein.

75.     Upon information and belief, Defendants' Cooper Power Series RF Mesh AMI Networks directly infringed, and continue to infringe, at least independent method claim 15 of the '675 Patent.

**<u>Claim 15</u>**

76.     Upon information and belief, the Cooper Power Series RF Mesh AMI Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, provide a radio communication route among individual nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 15 of the '675 Patent.

77.     Upon information and belief, the Cooper Power Series RF Mesh AMI Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by, perform each of the limitations of claim 15 of the '675 Patent by:

(a)      establishing radio links between respective pairs of said nodes, at least one said

node using a directional radio signal transmitted from said node and received directly by

another said node without regard to the relative locations of said nodes;

(b)      measuring a value of a radio parameter of a said directional radio signal received

by at least one said node;

(c)      transmitting from said at least one node a radio signal with an associated routing

message based on at least one measured value of the radio parameter; and

(d)      assembling a radio communication route between an originating node and a

destination node, said route being assembled by computers in a plurality of said nodes

using routing messages received by said nodes, wherein said computers in said nodes

assemble said route independently of any computer separate from said nodes in said route,

and said route includes at least one route segment with a said node transmitting a directional

radio signal.

78.      Upon information and belief, Defendants' Cooper Power Series RF Mesh AMI

Networks likely infringed, and continue to infringe, at least dependent claims 17, 18, 19 and 20 of

the '675 Patent. After adequate discovery, JSDQ reserves the right to assert allegations of

infringement of additional claims of the '675 Patent.

79.      To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C.

§ 287.

80.      Defendants' infringement as described above has injured JSDQ and will continue

to injure JSDQ as long as such infringement continues. JSDQ is entitled to recover damages

adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

81.     In the event Defendants continue their infringing activities after the filing of this Complaint (or continued their infringing activities after other notice), Plaintiff reserves the right to assert a claim for indirect infringement.

**COUNT VIII: INFRINGEMENT OF UNITED STATES PATENT NO. RE 44,607**

82.     JSDQ realleges and incorporates by reference paragraphs 1 through 17, inclusive, as though fully set forth herein.

83.     Upon information and belief, Defendants' Cooper Power Series RF Mesh AMI Networks directly infringed, and continue to infringe, at least independent method claim 3 of the '607 Patent.

## <u>Claim 3</u>

84.     Upon information and belief, the Cooper Power Series RF Mesh AMI Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, provide at least two radio communication routes among individual nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 3 of the '607 Patent.

85.     Upon information and belief, the Cooper Power Series RF Mesh AMI Networks, as manufactured, used, sold, offered for sale, advertised, imported, shipped, distributed, serviced, installed and/or maintained by Defendants, perform each of the limitations of claim 3 of the '607 Patent by:

(a)     establishing radio links between respective pairs of said nodes using radio signals transmitted from said nodes and received by other said nodes, wherein at least some of said radio signals include routing messages;

(b)     using a directional radio signal transmitted from one said node in a directional link and received directly by the other said node in said directional link;

(c)      measuring a parameter of radio signals received by at least some of said nodes;

(d)      transmitting from at least some of said nodes radio signals with associated routing messages based on said measured parameter; and

(e)      assembling radio communication routes between at least two originating nodes and at least one destination node, wherein computers in a plurality of said nodes use routing messages received by said nodes to assemble said routes independently of any computer separate from said nodes in said routes and without regard to the relative locations of said nodes in a said route, both said routes including at least one said directional link.

86.      Upon information and belief, Defendants' Cooper Power Series RF Mesh AMI Networks likely infringed, and continue to infringe, at least dependent claims 5, 6 and 7 of the '607 Patent. After adequate discovery, JSDQ reserves the right to assert allegations of infringement of additional claims of the '607 Patent.

87.      To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

88.      Defendants' infringement as described above has injured JSDQ and will continue to injure JSDQ as long as such infringement continues. JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

89.      In the event Defendants continue their infringing activities after the filing of this Complaint (or continued their infringing activities after other notice), Plaintiff reserves the right to assert a claim for indirect infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JSDQ Mesh Technologies LLC respectfully requests this Court to enter judgment against Defendants Cooper Bussmann, LLC; Cooper Power Systems, LLC; and Eaton Corporation, jointly and severally – and against each of their subsidiaries, predecessors,

successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them – granting the following relief:

A.      The entry of judgment in favor of Plaintiff and against Defendants;

B.      An award of damages against Defendants adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began; and

C.      Such other relief to which Plaintiff is entitled under the law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial on all issues presented in this Complaint.

Dated: July 10, 2017

*Of Counsel:*
Timothy J. Haller
HALLER LAW PLLC
53 West Jackson Boulevard, Suite 1623
Chicago, IL 60604
Phone: (630) 336-4283
haller@haller-iplaw.com

Gabriel I. Opatken
NOBLE IP LLC
418 North Noble Street, Suite No. 4
Chicago, IL 60642
Phone: (773) 648-5433
gabriel@nobleipllc.com

Respectfully submitted,

*/s/ George Pazuniak*
George Pazuniak (DE Bar 478)
O'KELLY ERNST & JOYCE, LLC
901 North Market Street, Suite 1000
Wilmington, DE 19801
Phone: (302) 478-4230
Fax: (302) 295-2873
gp@del-iplaw.com

***Attorneys for Plaintiff, JSDQ Mesh
Technologies LLC***